Joel F Friedman
JEROME, GIBSON, STEWART,
FRIEDMAN, STEVENSON & ENGLE, P.C.
1001 North Central, Suite 701
P.O. Box 2551
Phoenix, Arizona  85002-2551
Telephone:  (602) 254-8481
Arizona Bar No.:  007688

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Nancy Walker (Hoffman),<br><br>              Plaintiff,<br><br>vs.<br><br>Intel Corporation, Aetna Life Insurance Insurance Company,<br><br>              Defendants | No.<br><br>PLAINTIFF'S COMPLAINT FOR REVIEW OF CLAIM FOR SHORT-TERM DISABILITY BENEFITS UNDER ERISA |

Plaintiff, Nancy Walker (Hoffman), by her attorney, Joel F Friedman (Phoenix, Arizona), in support of her Complaint, alleges as follows:

## I.  THE PARTIES

1 (a).  Plaintiff, Nancy Walker (Hoffman), was born on June 1, 1962, and is currently 47 years of age.  (b)  She is and was at all times relevant hereto a resident of Arizona and a citizen of the United States.  (c)  Plaintiff was employed as a Product Marketing Analyst by Intel Corporation (Intel) before and in May, 2007, and (d) she was eligible for certain employer-provided benefits, including Short Term Disability (STD) and Long term Disability (LTD), in and before May, 2007.

2. Aetna Life Insurance Company (Aetna) was, at all times relevant to this matter, the claim administrator for the Intel STD and LTD Plans.

3. On information and belief, Aetna, at all times relevant to this claim, was doing business within the State of Arizona as the claim administrator for the Intel STD and LTD Plans.

4. Aetna, was, on information and belief, delegated powers and duties specifically determined by Intel.

5. The Intel STD and LTD Plans were created effective May 1, 1977, and January 1, 1981, respectively, to provide short and long term disability benefits for Intel employees with qualifying disabilities.

6. The Plans, at all times relevant to this claim, constituted "employee welfare benefit plan(s)" as defined by 29 U.S.C. §1002(1).

7 (a). Nancy Walker (Hoffman) was covered under the Plans as a "participant," as defined by 29 U.S.C. §1002(7), and incident to her employment with Intel  (b)  This claim relates to benefits payable under the foregoing Plans.  29 U.S.C. §1132(a)(1)(B).[1]

## II.  JURISDICTION AND VENUE

8. This Court has jurisdiction pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), which provides for judicial review of civil actions brought to recover benefits due under the terms of an employee welfare benefit plan.  29 U.S.C. §§1132(e)(1) and 1132(f).  Plaintiff has been denied continuing STD, and the opportunity even to apply for LTD, benefits from Plans maintained by Defendants.

---

[1] Plaintiff was able to file only her claim for STD benefits , but not for LTD benefits, because she did not exhaust the 364-day waiting period required to submit a LTD claim.

2

1      9. The court also has jurisdiction, regardless of the amount in controversy or citizenship of the parties, pursuant to 28 U.S.C. §1331, as this is an action that arises from the laws of the United States.

    10. Jurisdiction is proper before the court because Plaintiff exhausted administrative and/or internal appeals of the termination of her STD benefits, and because exhaustion of administrative remedies for LTD benefits would have been futile. Defendant first notified Plaintiff that her STD benefits were being discontinued after November 20, 2007, by letter dated February 18, 2008, and that termination was affirmed on November 24, 2009, after subsequent administrative review. *See* 29 U.S.C. §1133.

    11 (a). Plaintiff at all times relevant to this action has been a resident of the State of Arizona, and currently resides at 522 West Sullivan St, Miami.  (b) The contract of insurance was completed in the State of Arizona; (c) one or more of the alleged breaches of Defendants' duties occurred in the State of Arizona; and (d) a substantial part of the acts and omissions giving rise to Plaintiff's claim occurred in the State of Arizona. Venue is proper in the District of Arizona. 29 U.S.C. §1132(e)(2); 28 U.S.C. §1391.

    12. The court has jurisdiction to entertain Plaintiff's demand for injunctive relief, requiring that Plaintiff's claims be processed in conformity with the Plans and requiring Defendants to include in the record produced for this Court to review all information and documents of any type that Defendants individually or jointly obtained and/or received and/or relied on in the administration and determinations of Plaintiff's claims. 29 U.S.C. §1132(a)(3).

. . . .

. . . .

3

### III.  NATURE OF THIS ACTION

13. This is a claim seeking reinstatement and payment of STD income benefits from Defendant Aetna, and for payment of LTD benefits from Defendants Aetna and/or Intel and/or designated LTD insurers and/or administrators and/or successors.

14. This action seeking recovery of benefits is brought pursuant to §502(a)(1)(B) of ERISA, 29 U.S.C. §1132(a)(1)(B), and includes a demand for reinstatement of secondary and/or ancillary benefits to which Plaintiff was and would have continued to be eligible if she had been approved for additional STD payments, including and not limited to LTD benefits, health insurance coverage, and disability leave participation.

15. This is an action in the alternative for injunctive relief, requiring that Plaintiff's claim be processed in conformity with the Plans.

### IV.  STATEMENT OF THE CASE HISTORY AND FACTS

16. Plaintiff applied for and was approved to receive STD benefits by the Plan, from February 5 - March 18, 2007, and then again from May 21 - June 4, 2007, the latter period of time due to uncontrolled, volatile hypertension caused by work stress.

17 Plaintiff's STD benefits were again continued through October 31, 2007, by a notice dated September 28, 2007.

18. Plaintiff continued submitting medical records, including Aetna Attending Provider Statements, and on February 18, 2008, she was informed that information from Gary Wallace, M.D., and Raul Gatchalian, M.D., indicated her blood pressure was stable and failed to show that the severity of her symptoms precluded her from performing job duties as a Marketing/Production Support employee. STD benefits were terminated as of November 20, and denied effective November 21, 2007.

4

19. Plaintiff, through counsel, submitted additional evidence, including medical treatment records and a supplemental statement by Dr. Gatchalian controverted the reasons initially provided for the termination of Plaintiff's STD benefits as of November 20, and refusal to continue Plaintiff's STD benefits after November 21, 2007.

20. On November 24, 2009, Defendant Aetna advised Plaintiff, through counsel, that the STD benefits claim file had been "reviewed by independent peer physicians specializing in Pulmonology, Cardiology, and Nephrology"; that a peer to peer telephonic consultation was attempted, unsuccessfully, with Dr. Gatchalian; and that the peer physicians [sic] "[t]herefore . . . completed his [sic] review based on the records in the claim file." Dr. Gatchalian purportedly was provided a copy of the peer report, but did not respond. Plaintiff, directly or through counsel, was not provided a copy of the peer report supposedly sent to Dr. Gatchalian.

21. Plaintiff's STD benefits were terminated of November 20, and denied effective November 21, 2007. Counsel for Plaintiff had included a reference to Plaintiff's potential eligibility for LTD benefits in appeal documents, but Defendant Aetna noted that "since Ms. Hoffman only used 183 days of the 364 days of STD benefits, she was not yet eligible for LID benefits, and therefore an LTD claim was not opened."

22. On information and belief, Plaintiff, directly or through counsel, was never provided a copy of any written or electronically recorded, documented, or otherwise memorialized, memorandum, statement, or report, or notes of any telephonic or electronic transmissions, containing the comments, opinions, and conclusions of the purported "peer" physician or physicians on whose analysis Plaintiff's STD benefits were terminated and denied.

5

### V.  PLAINTIFF'S PLAN BENEFITS

23.  Plaintiff was approved for and paid Intel STD benefits from May 21 - November 20, 2007, based on information, including from Dr. Wallace and Dr. Gatchalian, that Plaintiff's hypertension met the Plan definition of "disability."

24.  There is no probative, reliable, or credible evidence that Plaintiff's medical condition changed or improved significantly from November 20 - 21, 2007, or at any time after November 21, 2007; the medical analysis purportedly relied on by Defendants was not provided to Plaintiff, directly or through counsel; and the termination and refusal to continue Plaintiff's STD benefits violated relevant legal standards.

25.  The Plan would have continued paying Plaintiff monthly or semi-monthly STD benefits for an additional 181 days of the 364-day STD period, on information and belief followed by monthly or semi-monthly LTD benefits until Plaintiff's medical condition improved sufficiently that she no longer met the definition of a "disability" or she received the maximum period of LTD benefits.

### VI.  STANDARD OF REVIEW

26.  The standard by which this Court will review Plaintiff's appeal of the denial of her claim for continuation of STD benefits payable by Defendants Aetna and/or Intel depends on whether Aetna both administered the Plan and paid benefits directly, or whether Aetna administered that Plan and Intel paid benefits:

> the entity that administers the plan [providing for payment of LTD benefits], such as an employer or an insurance company, both determines whether an employee is eligible for benefits and pays benefits out of its own pocket . . .  this dual role creates a conflict of interest; that a reviewing court should consider that conflict as a factor in determining whether the plan administrator has abused its discretion in denying benefits; and that the

6

1  significance of the factor will depend upon the circumstances of the particular case.

*Metropolitan Life Insurance Co. v. Glenn*, 128 S. Ct. 2343, 2346 (2008)(MetLife), citing *Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115, 109 S. Ct. 948 (1989).

27. Aetna, directly and/or through a subsidiary (Broadspire), on information and belief remitted payments to Plaintiff on behalf of Intel.

28. The relationship between Aetna and Intel, particularly the responsibility for payment of STD benefits, is not clear from documents provided to counsel for Plaintiff, but Aetna had the apparent discretion to investigate, evaluate, and render an ultimate determination on Plaintiff's claim for continuation of STD benefits and, eventually, on a claim for LTD benefits.

29. Aetna, on information and belief, engaged in a deliberate or negligent pattern of refusing and/or failing to comply with its obligations to disclose information and to inform Plaintiff of the basis of its determinations, and particularly the peer physician or physicians report on which the termination and refusal to continue paying STD benefits was based.

30. Aetna, on information and belief, violated its fiduciary obligations to Plaintiff due to a direct conflict as the actual claims administrator and the funding source of benefits that had been approved; extended until November 20, 2007; and then denied, and that were the subject of Plaintiff's claim for continuation of STD benefits.

31. The actions of Aetna, on information and belief, reflect a a deliberate or negligent pattern of procedural irregularities that compromised Plaintiff's ability to present her case to Aetna and/or Intel representatives.

7

32. Defendants are not entitled to the application of a deferential "abuse of discretion" standard of review, and the denial of Plaintiff's claim for continued STD benefits should be reviewed *de novo* by this Court. *Cf. Jebian v. Hewlett-Packard Co.*, 310 F. 3d 1173, 1179 (9th Cir. 2002), citing *Sanford v. Harvard Industries*, 262 F. 3d 590, 597 (6th Cir. 2001)("When decisions are not in compliance with regulatory and plan procedures, deference may not be warranted"; denial not on merits but due to untimely appeal).

33. If the court concludes that the documentation and Plaintiff's representations do not present sufficient justification for the application of a *de novo* standard of review, then Plaintiff respectfully requests that the court grant leave for Plaintiff to investigate further, through formal discovery, the existence and extent of conflict between Defendants' joint and individual fiduciary responsibilities to Plaintiff and the analysis, coordination, and execution of the denial of her claim for continuing STD benefits.

### *VII. RELIEF SOUGHT BY PLAINTIFF*

Plaintiff respectfully requests that this Court grant relief Plaintiff is entitled to as a matter of law, including and not limited to the following:

A. That the court enter judgment in Plaintiff's favor and against Defendant;

B. That the court order Defendant to reinstate and continue to make monthly benefit payments retroactive to November 21, 2007.

C. That the court order Defendant to pay prejudgment interest on all benefits that have accrued prior to the date of judgment at a the rate of interest provided by the laws of the State of Arizona;

D. That the court order Defendant to continue paying disability benefits, subject to the Plan terms and conditions;

8

1  E. That the court award Plaintiff her attorneys' fees pursuant to 29 U.S.C.
§1132(g); and

F. That Plaintiff recover any and all other relief to which she may be entitled, as well as the costs of suit.

DATED May 20, 2010

_____
Joel F Friedman, Esq.
Attorney for Plaintiff

9